**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**United States of America**,

        *Plaintiff*,

v.                                            Case No. 3:17-cr-025
                                                    Judge Thomas M. Rose

**Donald Smith, et al.**,

        *Defendant*.

---

**ENTRY AND ORDER DENYING DEFENDANT SALATHIEL GOODSON'S MOTION *IN LIMINE* TO EXCLUDE ANY TESTIMONY REGARDING A JANUARY 17, 2017 TRAFFIC STOP OF A 2008 JEEP COMMANDER SUV, ECF 75, GRANTING DEFENDANT GOODSON'S MOTION TO JOIN DEFENDANT SMITH'S MOTION *IN LIMINE*, ECF 77, DENYING IN PART AND GRANTING IN PART DEFENDANT DONALD SMITH AND SALATHIEL GOODSON'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY CONCERNING 14 ½ GRAMS OF HEROIN. ECF 76.**

---

Pending before the Court are Defendant Salathiel Goodson's Motion *in Limine* to Exclude Any Testimony Regarding a January 17, 2017 Traffic Stop of A 2008 Jeep Commander SUV, ECF 75, Defendant Donald Smith's Motion *in Limine* to Exclude Expert Testimony, ECF 76, which also seeks to exclude testimony concerning 14 ½ grams of heroin and Defendant Goodson's Motion joining in Smith's motion. ECF 77.

The Court will discuss Goodson's Motion concerning the traffic stop first. Defendants are

accused of possessing with intent to distribute methamphetamine which they transported in DVD players sent by United Parcel Service. The indictment alleges that the conspiracy existed "[b]eginning…at least by on or about January 23, 2017".

Goodson's Motion *in Limine* to Exclude any Testimony regarding a January 17, 2017 Traffic Stop of a 2008 Jeep Commander SUV, ECF 75, asks that this Court issue an order preventing any witness to reference any aspect of a January 17, 2017 traffic stop, asserting it is irrelevant. During the traffic stop, Ohio State Trooper Joseph W. Weeks observed a "portable DVD player on the third row seat of the motor vehicle." (ECF 75-3, PageID 332-33). Weeks has described the DVD player as a "very small one" (P.16, L.19). He further believes "based upon his experience as a salesperson" for Best Buy over thirteen years ago (ECF 75-3, PageID 334) that the DVD player was old as he hadn't seen those "for some time now" (ECF 75-3, PageID 333). Finally, Trooper Weeks could testify that Goodson was in possession of "large amount of US currency….approximately $2,000.00." (P.18, L.20-25).

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid.402. "Relevant evidence" means evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid.401. Here, the mere presence of a late model portable DVD player makes it more probable that Goodson was involved in a drug conspiracy that utilized DVD players to transport illegal narcotics. This is relevant evidence.

The evidence would also be admissible if Defendant protested it as a prior bad act. Under Fed. R. Evid. 404(b) "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such "other acts" evidence may however, be admitted for other purposes, "such as

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The January 17, 2017 traffic stop of co-defendant Salathiel Goodson resulted in law enforcement officials observing a DVD player and box located in the rear cargo area of Goodson's vehicle. This discovery, three days prior to the alleged arrival of the three packages containing illicit drug contraband, is relevant in proving Goodson's opportunity, knowledge, identity, absence of mistake and lack of accident of past and future mailed packages containing drugs. The *modus operandi* allegedly used by the conspirators in causing out-of-state packages to be sent through the mail containing contraband stuffed in DVDs would have novel signature-like relevance that would link co-defendant Goodson to the packages that were later controlled delivered to his house on January 23, 2017.

For this reason, Defendant Salathiel Goodson's Motion *in Limine* to Exclude any Testimony regarding a January 17, 2017 Traffic Stop of a 2008 Jeep Commander SUV, ECF 75, is **DENIED**.

Defendant Donald Smith's Motion *in Limine* to exclude expert testimony, ECF 76, (which the Court **GRANTS** Defendant Goodson permission to join, ECF 77), seeks an order excluding Government's expert Officer Phillips and any and all testimony and evidence from Officer Phillips that the Government may introduce at trial pursuant to Evid. R. 404, 702, 703, and 704.

Federal Rule of Evidence 702(a) permits the introduction of scientific, technical or other specialized knowledge through an appropriate expert witness. The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) charged trial judges with a "gatekeeping" role designed to screen out unreliable expert testimony. The Court in *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1178 (1999) clarified that this gatekeeping function applies to all

expert testimony, not just testimony based upon science. Any expert witness may be qualified to testify based upon established prior "knowledge, skill, experience, training or education". (See Fed. R. Evid 702).

Testimony concerning drug dealing has been found to be specialized knowledge "not within the experience of the average juror." *United States v. Lopez-Medina*, 461 F.3d 724, 742 (6th Cir. 2006). The Sixth Circuit has "allowed police officers to testify as expert witnesses about criminal activity since knowledge of such activity is generally beyond the understanding of average layman." *United States v. Smith*, 601 F.3d 530, 539 (6th Cir. 2010). However, when law-enforcement agents testify in a dual role as both a fact witness and an expert witness, courts must ensure that the jury does not get confused by their dual role. *United States v. Rios*, 830 F.3d 403, 414 (6th Cir. 2016).

Police officers have been allowed to testify that circumstances are consistent with distribution of drugs rather than personal use. See *United States v. Jones*, 81 Fed. Appx. 45, 48 (6th Cir. 2003) (affirming defendant's sentence where police officer testified that the amount of drugs found, as well as the presence of zip-lock bags and a digital scale, suggested that defendant intended to distribute the drugs); *United States v. Quinn*, 230 F.3d 862, 866 (6th Cir. 2003) (affirming defendant's sentence where officer testified that amount of drugs was more consistent with distribution than with personal use). "Most courts have taken a very tolerant view of the admissibility of expert testimony linking the presence of firearms to drug trafficking activities." See *Thomas*, 99 Fed. Appx. at 669. (citing *United States v. Allen*, 269 F.3d 842, 845-46 (7th Cir. 2001). Similarly allowing a special agent to testify that "drug dealers carry firearms for intimidation and protection of their product" was not deemed to be plain error. *United States v. Pearce*, 912 F.2d 159, 163 (6th Cir. 1990). Testimony regarding common drug prices helped the

jury to understand the evidence presented, and therefore was proper expert testimony. See *Bender*, 265 F.3d at 472. Testimony by law enforcement officials that drug traffickers often use throw-away phones because they can be set up with a fictitious name, making them untraceable has been deemed proper. See *Ham*, 628 F.3d at 805.

Testimony by law enforcement officials which interpreted drug traffickers' so-called code words and other verbal jargon recorded on police wiretaps has been viewed to be helpful to juries. See *United States v. Johnson*, 488 F.3d 690, 698 (6th Cir. 2007). As such, the proffered expert testimony of Detective Dustin J. Phillips appears relevant, appropriate and legally permitted.

Under Rule 704, a qualified expert in a criminal case may suggest inferences to be drawn from the facts, including inferences that embrace an ultimate issue (see Fed. R. Evid. 704(a); *United States v. Hughes*, 970 F.2d 227, 236 (7th Cir. 1992), 970 F.2d at 236), provided the expert does not express a direct opinion concerning "whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." Fed. R. Evid. 704(b); see *Foster*, 939 F.2d 445, 454 (7th Cir. 2018); *United States v. Richard*, 969 F.2d 849, 854 (10th Cir. 1992); *United States v. Theodoropoulos*, 866 F.2d 587, 591 (3d Cir. 1989); *United States v. Brown*, 7 F.3d 648, 651 (7th Cir. 1993). Therefore, this portion of Defendants' Motion *in Limine* to Exclude Expert Testimony, ECF 76, is **DENIED**. At Defendants' request, the Court will issue a cautionary instruction to the jury, to the extent the Court determines is necessary.

Defendants also move this Court to grant an order excluding all evidence including, but not limited to testimony, about seized heroin for which Defendants were not indicted. Defendants assert it is unfairly prejudicial to Defendant Smith to allow Phillips to testify about a substance that is not indicted and further asserts that it would confuse the jury.

Under Fed. R. Evid. 404(b) "evidence of a crime, wrong, or other act is not admissible to

prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such "other acts" evidence may however, be admitted for some other purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Government cites to *United State v. Adams*, urging the Court to view drugs unrelated to the charged offense as admissible as *res gestae*, or background evidence, claiming it is an exception to Rule 404(b). *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013). *Adams* reasons background evidence consists of evidence of "other acts that are inextricably intertwined with the charged offense." Id. (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witnesses' testimony, or completes the story of the charged offense." Id. (quoting *Hardy*, 228 F.3d at 748). These "exceptions," however, are contained in the rule, when it allows evidence "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

"[R]ecourse to *res gestae* has been derided by legal commentators for a century." *Commonwealth v. Cousar*, 638 Pa. 171, 219, 154 A.3d 287, 315 (2017) (citing 1 John H. Wigmore, *Evidence in Trials at Common Law* § 218 (1904) (depicting the term as "useless and vicious," while urging that "legal discussion sedulously avoid this much-abused and wholly unmanageable Latin phrase")). It is an "ancient phrase [that] can be jettisoned, with due acknowledgement that it served an era in the evolution of evidence law." Id. at 723 (quoting 2 John W. Strong, McCormick on Evidence § 268 (4th ed. 1992)).

As the Sixth Circuit noted prior to *Adams*, "The phrase '*gestae*' has long been not only entirely useless, but even positively harmful. It is useless because every rule of evidence to which it has ever been applied exists as a part of some other well-established principle and can be explained in terms of that principle." *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1056–57 (6th Cir. 1983) (citing 6 J. Wigmore *Evidence,* § 1767 (J. Chadbourne rev. 1976)). Indeed, the *Haggins* panel continued, "The marvelous capacity of a Latin phrase to serve as a substitute for reasoning, and the confusion of thought inevitably accompanying the use of inaccurate terminology, are nowhere better illustrated than in the decisions dealing with the admissibility of evidence as "*res gestae*." It is probable that this troublesome expression owes its existence and persistence in our law of evidence to an inclination of judges and lawyers to avoid the toilsome exertion of exact analysis and precise thinking." *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1057 (6th Cir. 1983) (citing Morgan, *A Suggested Classification of Utterances Admissible as Res Gestae,* 31 Yale L.J. 229, 229 (1922)).

If *res gestae* still exists in evidence law, it is embodied in Rule 401, according to which, relevant evidence is admissible. See *United States v. Drapeau*, 73 F. Supp. 3d 1086, 1093–94 (D.S.D. 2014)("the scope of relevant evidence under Federal Rules of Evidence 401 includes 'evidence providing the context in which the crime occurred, *i.e.*, the *res gestae*.'"). The first question in determining admissibility is relevancy. *Huddleston v. United States*, 485 U.S. 681, 687 (1988) ("Rules 401 and 402 establish the broad principle that relevant evidence—evidence that makes the existence of any fact at issue more or less probable—is admissible unless the Rules provide otherwise."). Only after relevancy is determined does a court consider the whether Rule 404(b) provides otherwise.

Defendant seeks to exclude from evidence 14 ½ grams of heroin located by law enforcement officials upon gaining entry into the 51 Glenwood Avenue residence following the controlled delivery of the three United Parcel Service packages which contained distribution quantities of methamphetamine. The heroin was located by law enforcement officials during a search of a rear bedroom previously occupied by co-defendant Donald Smith. In addition to discovering the heroin, law enforcement officials also found a large number of money orders and wire transfer documents. The Government asserts that these items are all consistent with the *modus operandi* of the type of criminal drug conspiracy both co-defendants have been charged with participating in.

The heroin, however, is not "a prelude to the charged offense,…directly probative of the charged offense,… from the same events as the charged offense, …an integral part of a witnesses' testimony, [n]or completes the story of the charged offense," any more than paper clips or cufflinks or tobacco cigarettes would if they were also lying in the bedroom with money orders and wire transfer documents. Or, to put it better, the Government has not established a foundation that the heroin proves "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Therefore, absent a determination by the Court that a proper foundation has been established, they are not admissible as "other acts," background or *res gestae* evidence. Therefore, this portion of Defendants' Motion *in Limine* to Exclude Expert Testimony, ECF 76, is **GRANTED**.

**DONE** and **ORDERED** in Dayton, Ohio on Monday, September 17, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE