# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,        :      Case No. 3:17-cr-025


                                     District Judge Thomas M. Rose
-  vs  -                             Magistrate Judge Michael R. Merz

DONALD JENKINS-MILLS,


               Defendant.        :

---

# REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's request for the Court to permit him to "proceed under the Fair Sentencing Act." (ECF No. 104). The Clerk docketed this request as a motion to reduce sentence under the First Step Act and it was accordingly referred to the undersigned under General Order Day 13-01. Jenkins-Mills obviously is seeking relief under the First Step Act which he refers to as being in its "first stages of review and resentencing."

The Fair Sentencing Act of 2010, P.L. 111-220, Aug. 3, 2010, changed the triggering amount for the five-year mandatory minimum and forty-year maximum in 21 U.S.C. § 841(b)(1)(B)(iii) from five grams of crack or more to twenty-eight grams of crack or more. Under the Fair Sentencing Act, crack offenses involving less than twenty-eight grams carried no mandatory minimum penalty and a maximum of twenty years. 21 U.S.C. §841(b)(1)(C). The Supreme Court analyzed the language of the Fair Sentencing Act and determined that "Congress

intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Dorsey v. United States*, 567 U.S. 260, 281 (2012). Under that ruling, people who had both offended and been sentenced before August 3, 2010, did not receive the benefit of the reduced statutory minimums and maximums created by the Fair Sentencing Act.

In December 2018, Congress passed the First Step Act which made the statutory sentencing ranges for crack offenses established by the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. Section 404 of the First Step Act made the Fair Sentencing Act reduction retroactive. It applied to any defendant who, prior to August 3, 2010, was convicted of an offense for which the Fair Sentencing Act would have reduced the statutory penalties. The First Step Act does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences. Nor does the First Step Act reduce the statutory penalties for such defendants; it does not retroactively subject such defendants to the lower statutory minimums and maximums created by the Fair Sentencing Act. It allows courts only to resentence eligible defendants as if the reduced minimums and maximums had been in effect when the defendants committed their offenses and were sentenced.

Defendant Jenkins-Mills is not eligible for sentence reduction under the First Step Act because his offenses occurred and he was sentenced after August 3, 2010. Any benefit to him under the Fair Sentencing Act was already applied at the time of his sentencing earlier this year. In fact, because this is a methamphetamine case rather than a crack cocaine case, it does not appear that the Fair Sentencing Act would ever have been applicable.

Defendant's request should therefore be denied.

May 3, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).