# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:17-CR-00025-TMR-MRM-2 |
| v. | : |
| | : Judge Thomas M. Rose |
| DONALD JENKINS-MILLS, | : |
| Defendant. | : |

## ENTRY AND ORDER DENYING MOTION FOR ORDER REDUCING SENTENCE TO TIME SERVED PURUSANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (DOC. 118)

This case is before the Court on the "Motion for Order Reducing to Time Served Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 118) (the "Motion"), filed by Donald Jenkins-Mills ("Jenkins-Mills"). Jenkins-Mills is currently incarcerated at FCI [Federal Correctional Institution] McKean in Pennsylvania. Through counsel, Jenkins-Mills asks this Court to reduce his sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States (the "Government") filed a Response to the Motion (Doc. 120) (the "Response"), in which the Government opposes the Motion and asks the Court to deny it. Jenkins-Mills filed a Reply to the Government's Response (Doc. 121) (the "Reply"). The matter is ripe for review.[1]

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified Section 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf of [2] the lapse of 30 days from the receipt of such request by the warden of the facility whichever earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison" and "Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted). Jenkins-Mills initially petitioned the Warden of FCI McKean for compassionate release. (Doc. 118-2 at PAGEID # 570.) The

**I.  BACKGROUND**

The Government filed an Indictment on February 16, 2017, charging Jenkins-Mills with violating 21 U.S.C. § 846.  (Doc. 21.)  On October 2, 2017, Jenkins-Mills pleaded guilty to the charge.  (Doc. 55.)  The Statement of Facts, signed by Jenkins-Mills and his attorney, states:

> Beginning on an exact date unknown, but at least by on or about January 17, 2017 and continuing up to and including January 23, 2017, the defendant **DONALD JENKINS-MILLS** knowingly, voluntarily and intentionally agreed and conspired with other persons, both known and unknown, to violate certain federal drug laws, to wit: to possess with intent to distribute in excess of 500 grams of a mixture or substance containing detectable amounts of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.  There was interdependence among the various members of said conspiracy.
>
> On January 20, 2017, a United Parcel Service (UPS) security official received an anonymous telephone tip advising that certain packages destined for 51 Glenwood Ave. in Dayton, Ohio were believed to contain narcotics contraband.  Ultimately, UPS and later law enforcement officials intercepted three parcels.  Each of these parcels were addressed to "Cams4less/ (Job Site), 51 Glenwood Ave. in Dayton, OH 45405".  Each of these packages had a listed return address of "Wayne Sealey, C/O Postnet CA217, 20058 Ventura Blvd., Woodland Hills, CA 91364".  These parcels were opened by law enforcement pursuant to a state search warrant and two of the parcels were found to contain approximately 6,917 grams of a mixture or substance containing a detectable amount of methamphetamines, its salts, isomers, or salts of its isomers.  Law enforcement officials thereafter repackaged the three parcels containing in excess of 500 grams of seized methamphetamine, a Court authorized GPS device and electronic sensor.
>
> On January 23, 2017, law enforcement authorities completed a controlled delivery of said parcels to the residence located at 51 Glenwood Ave., Dayton, Ohio.  Shortly thereafter, **DONALD JENKINS-MILLS** appeared on scene and collected said parcels from the front porch of said residence.  **DONALD JENKINS-MILLS** thereafter carried the three parcels inside the residence.  Within minutes, law enforcement agents entered the residence pursuant to an anticipatory state search warrant, seizing the parcels, and apprehended **DONALD JENKINS-MILLS**.

---

parties agree that the Warden denied Jenkins-Mills's petition. (Doc. 118 at PAGEID # 565; Doc. 120 at PAGEID # 574.)  Thus, exhaustion is not an issue.  To the extent that Jenkins-Mills asks the Court to waive any exhaustion requirement, it lacks the authority to do so.  *See Alam*, 960 F.3d at 833-34 (holding that the exhaustion requirement is a mandatory claim-processing condition that binds courts absent waiver or forfeiture and that "nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions").  However, as the Court finds that the exhaustion requirement has been satisfied, due to the passage of 30 days from the Warden's receipt of Jenkins-Mills's petition to the Warden, the Court need not further consider Jenkins-Mills's request to waive any exhaustion requirement.

(Doc. 58.) The Final Presentence Investigation Report ("PSI") provided additional information regarding the nature and circumstances of the offense, and it identified two prior adult criminal convictions and one minor conviction. (PSI at ¶¶ 39-41.)

On January 10, 2018, the Court sentenced Jenkins-Mills to a term of one hundred twenty months imprisonment; five years of supervised release with special conditions; and a $100 special assessment. (Doc. 65.) Jenkins-Mills is 30 years old and his release date is currently scheduled for August 27, 2025. (Doc. 118 at PAGEID #556.) In its Response, the Government notes that the Bureau of Prisons ("BOP") denied Jenkins-Mills's request for compassionate release. (Doc. 120 at PAGEID #574.)

## II. ANALYSIS

Jenkins-Mills now asks the Court to "reduce his sentence to time served" and to consider what he alleges are extraordinary and compelling reasons for doing so, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 118 at PAGEID #567.)

### A. Legal Standards

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).  Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

Commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist.[2]  United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n. 1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).  Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons.  *Id.*  Each of the four circumstances has its own parameters.  *Id.*  Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."  *Id.* at cmt. n. 3.

That same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted).  Section 3142(g) provides factors to be

---

[2] *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

considered in making that "danger to the safety" determination.[3] 18 U.S.C. § 3142(g). Finally, it remains that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment).

### B. Application

In his Motion, Jenkins-Mills asserts that the Court should release him for time served because of the COVID-19 pandemic and identified health conditions that allegedly put him at heightened risk of contracting COVID-19, namely obesity[4] and hypertension.[5] (Doc. 118 at PAGEID # 555; Doc. 121 at PAGEID #581.) Jenkins-Mills also alleges that, if released, he would not "present a risk to the public" and that the factors of sentencing under Section 3553(a) warrant his early release. (Doc. 118 at PAGEID 566.)

---

[3] Specifically, 18 U.S.C. § 3142(g) states:
"(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
   (2) the weight of the evidence against the person;
   (3) the history and characteristics of the person, including—
      (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
      (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

[4] Medical records from the BOP indicate that Jenkins-Mills currently weighs 374 pounds. (Doc. 121-1 at PAGEID #586.)

[5] In the Motion, Jenkins-Mills also listed diabetes as a medical condition. (Doc. 118 at PAGEID #555.) However, in the Reply, Jenkins-Mills noted that it was erroneously included. (Doc. 122 at PAGEID #581 n.1.) Thus, the Court did not consider a diabetes diagnosis.

Jenkins-Mills has not demonstrated an extraordinary and compelling reason to warrant a reduction in his sentence. When considering whether any circumstance is "extraordinary and compelling" the Court considers the relevant policy statement issued by the Sentencing Commission. Where medical conditions of the defendant are the stated grounds for reducing a sentence, there are two applicable policy statements that the Court considers. The first is whether the defendant's illness a terminal one.[6] U.S.S.G. § 1B1.13 n. 1(A)(i). Neither of Jenkins-Mills's health conditions are terminal. The second requires the defendant to be "suffering from a serious physical medical condition … that substantially diminishes the ability of the defendant to provide self-care within … a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 n. 1(A)(ii). Prison medical records indicate that Jenkins-Mills can provide the self-care he needs to manage his illnesses from within the prison. The records show that Jenkins-Mills can obtain, and has obtained, the medication needed to manage his blood pressure. (Doc. 121-1 at PAGEID #586.) Additionally, Jenkins-Mills indicated to health professionals that he "has lost a lot of weight" in the time between his arrival at FCI McKean and his most recent medical visit. (*Id.*) Thus, Jenkins-Mills has not demonstrated that he has substantially been diminished of the ability to provide self-care while incarcerated.

The presence of COVID-19 does not change this. Many courts have found that the presence of COVID-19 in combination with hypertension and obesity, alone or together, does not rise to the level of an extraordinary and compelling reason to warrant compassionate release. *See, e.g.*, *United States v. McKinnie*, No. 1:16CR304, 2020 U.S. Dist. LEXIS 1558232, at *3, 2020 WL 5087058, at *2 (N.D. Ohio Aug. 27, 2020) (denying compassionate release to a 35-year-old defendant whose health conditions were high blood pressure and obesity and collecting cases);

---

[6] The policy statement defines a terminal illness as "a serious and advanced illness with an end of life trajectory." U.S.S.G. § 1B1.13 n.1(A)(i).

*United States v. Gordon*, No. 15-20609, 2020 U.S. Dist. LEXIS 123318, at * 9, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release to a 34-year-old obese prisoner and stating that, "when 42.4% of American adults are obese and [an] additional 32% are overweight," this is not a condition so extraordinary that injustice would result if the relief is not granted, even in light of COVID-19) (internal citations and quotations omitted). Thus, while Jenkins-Mills's health conditions <u>may</u> pose an increased risk of contracting and falling ill from COVID-19, when considering his age and lack of other significant health concerns, the Court does not find an extraordinary and compelling reason exists in this instance.

Furthermore, as part of its analysis, the Court also considered the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. Several applicable factors weigh against granting the Motion. For example, the Court finds that the "nature and circumstances of the offense and the history and characteristics of the defendant" do not favor early release in this matter. 18 U.S.C. § 3553(a)(1). Jenkins-Mills admitted to participating in a conspiracy to distribute methamphetamine and to a being a "low-level" dealer in that conspiracy. (PSI ¶ 18.) This and Jenkins-Mills's prior criminal convictions, which also involved drugs, counsel against early release. (*See* PSI ¶¶ 39-40.)

Additionally, the Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for criminal conduct, and protect the public from further crimes of the defendant do not favor early release. 18 U.S.C. § 3553(a)(2)(A)-(C). Jenkins-Mills has served just over half of his one hundred twenty-month sentence, and, according to the BOP, still has approximately five years remaining on his sentence. *Kincaid,* 802 F. App'x at 188 ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit

the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Jenkins-Mills with nearly five years remaining on his ten-year sentence, especially when his crimes involved relatively large quantities of methamphetamine and the BOP has concluded that release would not be appropriate, would "minimize[] both the impact of [his] crime and seriousness of [his] offense." *Chambliss*, 948 F.3d at 694. While the Court commends Jenkins-Mills for his educational and rehabilitative efforts while incarcerated, the application of the Section 3553(a) factors weigh against releasing Jenkins-Mills early.

In summary, in addition to finding that Jenkins-Mills has not demonstrated an extraordinary and compelling reason to justify compassionate release, the Court finds that analyzing and balancing the applicable Section 3553(a) factors provides an additional, and independent, reason for denying the Motion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III. CONCLUSION

Jenkins-Mills does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the "Motion for Order Reducing Sentence to Time Served Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 118).[7]

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 20, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[7] The Court acknowledges the valuable contribution and assistance of judicial extern Ashley Oravetz in drafting this order.

8